## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| BASIS INTERNATIONAL LTD., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | **Jury Trial Demanded** |
| | ) | |
| RESEARCH IN MOTION LIMITED, and | ) | |
| RESEARCH IN MOTION | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | | |

## COMPLAINT

COME NOW the Plaintiff, BASIS International Ltd. (herein "BASIS" or "Plaintiff"), and for its Complaint against the Defendants, Research In Motion Limited ("RIM Canada") and Research In Motion Corporation ("RIM USA"), states and alleges as follows:

### THE PARTIES

1.      Plaintiff BASIS is a corporation organized and existing under the laws of the State of New Mexico with its principal place of business at 5901 Jefferson Street NE, Albuquerque, New Mexico 87109-3432.  BASIS has been in business over 25 years and is recognized as a global software company that produces an innovative programming language, database products, development tools, and an application framework for the software development community to build upon.

2.      Upon information and belief, Defendant RIM Canada is a Canadian company with headquarters at 295 Phillip Street, Waterloo, Ontario N2L 3W8.  RIM Canada designs, manufactures and markets wireless solutions for the worldwide mobile communications market.

RIM is best known as the developer of the BlackBerry smartphone, PlayBook tablet computer, software for businesses, and accessories.

3.      Upon information and belief, Defendant RIM USA is a Delaware corporation with its principal place of business at 122 W. John Carpenter Freeway, Suite 430, Irving, Texas 75039.  Upon information and belief, RIM USA is a wholly-owned subsidiary of RIM Canada and serves as a representative of RIM Canada for purposes of conducting business in the United States.  (When not identified separately, RIM Canada and RIM USA are collectively referred to herein as "RIM".)

## VENUE AND JURISDICTION

4.      This is a civil action for trademark infringement arising under the trademark laws of the United States, 15 U.S.C. §§ 1051-1127; for false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a); and for trademark infringement and unfair competition under the common law of the State of New Mexico.  The Court has subject matter jurisdiction of the federal trademark infringement and unfair competition claims pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a).  The Court has subject matter jurisdiction over the related common law claims pursuant to the Court's ancillary and supplemental jurisdiction under 28 U.S.C. §§ 1333(b) and 1367.  The Court has jurisdiction over the declaratory judgment count pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02. The Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states and countries.

5.      Upon information and belief, this Court has personal jurisdiction over the Defendants because Defendant RIM Canada does business directly and indirectly through its

wholly owned subsidiary RIM USA within the state of New Mexico.  RIM USA is registered to

do business in New Mexico and the acts complained of herein have taken place and will take

place within this judicial district.  Further, upon information and belief, the effects of Defendants'

infringing activities and tortious conduct have been felt in the state of New Mexico and this

district such that it would be reasonable for this Court to exercise personal jurisdiction over the

Defendants.

6.      Venue is proper under 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

7.      For almost three decades, BASIS has provided software application developers

with the platform (e.g. programming language, development toolkit, interpreter, database, and

application framework) to create new software applications.  A key feature of BASIS' software

development products is the ability to actively write software that is not tied to a particular

operating system, but can run on one's operating system of choice.  For example, a software

developer using BASIS' products could write code for an application to be run on Apple's iOS

mobile devices such as the iPhone and iPad as well as numerous Google Android powered

smartphones and tablet computing devices, and BlackBerry's smartphones and tablet computing

devices.  This platform independence feature of software written using BASIS' development

tools is an important product differentiator for BASIS and provides the company with a

competitive advantage in the marketplace.

8.      Since at least as early as 1985, BASIS has continuously and exclusively used the

designation BBX as a source identifier for its software development products.

9.      BASIS owns U.S. Trademark Registrations 1,894,851 and 3,111,681 for the

marks BBX (Stylized) and BBX, respectively, for computer programs that provide tools and

programming languages to enable software developers to create and prepare business, internet, and applications software.  The trademark registrations have achieved incontestable status on the Principal Register maintained by the United States Patent and Trademark Office and are in full force and effect.  BASIS also owns trademark registrations for its BBX mark in various foreign countries.

10.     RIM is a designer, manufacturer and marketer of wireless devices and solutions for the worldwide mobile communications market.  RIM is best known as the developer of the BlackBerry smart phone, PlayBook tablet computer, software for businesses, and accessories.

11.     RIM technology also enables third party developers to enhance their products and services with wireless connectivity to data.  RIM provides such third party developers with application development tools to create applications that run on the Blackberry platform.

12.     On October 18, 2011, RIM announced BBX as the next generation of its operating system for Blackberry devices.  The announcement was made during the General Session Keynote at the Blackberry Development Conference in San Francisco, California.  Third party software developers will be able to use RIM's software development kit to create programs that run on RIM's BBX operating system.

13.     The parties' respective BBX products are clearly related.  By way of example only, a software application created with BASIS' BBX to run on the Android or iOS mobile devices will also run on RIM's BBX for BlackBerry products.

14.     After RIM's public announcement of its BBX operating system, BASIS began receiving inquiries from confused customers.  In addition to the inevitable confusion created by RIM's use of the mark BBX for related goods, customers and prospective customers are also likely to wrongly believe that software applications created using BASIS' development tools are

4

only compatible with RIM's BBX operating system, thus impairing and destroying BASIS'

reputation for providing software development tools for cross-platform development.

15.     Indeed, the risk of confusion is not limited to the software development

community, but extends to end users who will become confused or mistaken that BASIS BBX

software and the RIM BBX platform originate from the same source or that there is some

affiliation, connection, or association between the respective companies.

16.     The lifeblood of BASIS' business is its goodwill, relationships and reputation

with and among the software development community located inside and outside the U.S. and

end users of the BBX-developed software applications located around the world.

17.     Anything that negatively affects these relationships has the potential to irreparably

harm BASIS' business.

18.     On October 19, 2011, the day following RIM's public announcement of its BBX

platform, BASIS (through counsel) wrote to RIM, demanding that RIM cease all use of the BBX

mark.  A copy of the letter is attached as Exhibit A.  As of yet RIM has not responded and

through public discourse appears intent upon continuing its unauthorized and infringing use of

the BBX mark.

### COUNT I
### Trademark Infringement
### (Registration No. 1,894,851 for BBX (Stylized))

20.     BASIS incorporates the allegations contained in paragraphs 1 – 18 above as

though fully set forth herein.

21.     Plaintiff BASIS is the owner of U.S. Trademark Registration No. 1,894,851 for

the mark BBX (Stylized) in connection with "computer software (written in a dialect of BASIC

programming language), and instruction manuals provided therewith, for use in the creation and

execution of business and financial application software" in International Class 9.  This mark was registered on May 23, 1995.  A copy of this registration is attached as Exhibit B.  This registration is in full force and effect and has achieved incontestable status.

22.     Plaintiff sells its goods under the BBX mark throughout the United States, and by virtue of its extensive sales, the BBX mark has become distinctive, and widely recognized by members of the public who, upon seeing the name, identify the name with the Plaintiff.

23.     On information and belief, Defendants have launched a new software platform/operating system using the mark BBX.  Exemplars of Defendants' advertising and promotional materials are attached as Exhibit C.

24.     Defendants' conduct in launching a software platform/operating system bearing the mark BBX with constructive and/or actual notice of Plaintiff's mark and registration constitutes willful and intentional trademark infringement of Plaintiff's federally registered BBX mark in violation of 15 U.S.C. § 1114.  Said use by Defendants, which is without permission of Plaintiff, has caused confusion and is likely to continue to cause confusion, to cause mistake, or to deceive as to the source, sponsorship, or approval of Defendants' goods in that consumers of Plaintiff's goods are likely to believe (i) that Defendants' goods are either those offered by Plaintiff or are in some way legitimately connected with Plaintiff, or (ii) that Plaintiff's goods are either those offered by Defendants or are in some way legitimately connected with Defendants.

25.     Defendants' conduct complained of herein has caused substantial and irreparable damage to Plaintiff and will continue to cause further irreparable damage to Plaintiff if Defendants are not preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights and Plaintiff has no adequate remedy at law.

## COUNT II
### Trademark Infringement
### (Registration No. 3,111,681 for BBX)

26.    BASIS incorporates the allegations contained in paragraphs 1 – 24 above as though fully set forth herein.

27.    Plaintiff BASIS is the owner of U.S. Trademark Registration No. 3,111,681 for the mark BBX in connection with "computer programs and associated documentation providing tools and programming language to enable software developers to create and prepare business, internet and applications software" in International Class 9.  This mark was registered on May 27, 2005.  A copy of this registration is attached as Exhibit D.  This registration is in full force and effect and has achieved incontestable status.

28.    Plaintiff sells its goods under the BBX mark throughout the United States, and by virtue of its extensive sales, the BBX mark has become distinctive, and widely recognized by members of the public who, upon seeing the name, identify the name with the Plaintiff.

29.    On information and belief, Defendants have launched a new software platform/operating system using the mark BBX.  See Exhibit C.

30.    Defendants' conduct in launching a software platform/operating system bearing the mark BBX constitutes willful and intentional trademark infringement of Plaintiff's federally registered BBX mark in violation of 15 U.S.C. § 1114.  Said use by Defendants, which is without permission of Plaintiff, has caused confusion and is likely to continue to cause confusion, to cause mistake, or to deceive as to the source, sponsorship, or approval of Defendants' goods in that consumers of Plaintiff's good are likely to believe (i) that Defendants' goods are either those offered by Plaintiff or are in some way legitimately connected with Plaintiff, or (ii) that

Plaintiff's goods are either those offered by Defendants or are in some way legitimately connected with Defendants.

31.    Defendants' conduct complained of herein has caused substantial and irreparable damage to Plaintiff and will continue to cause further irreparable damage to Plaintiff if Defendants are not preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights and Plaintiff has no adequate remedy at law.

<u>**COUNT III**</u>
**Federal Unfair Competition and False Designation Under 15 U.S.C. § 1125(a)**

32.    BASIS incorporates the allegations contained in paragraphs 1 – 30 above as though fully set forth herein.

33.    Defendants' use of BBX constitutes use in commerce of a device, or false designation of origin, or a false or misleading description or representation with respect to Defendants' goods, which is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, and/or as to the origin, sponsorship, or approval of Defendants' goods, and Plaintiff has been and is likely to be damaged by Defendants' use of such symbols or device, or false designation or origin, or false or misleading description or representation, all in violation of 15 U.S.C. § 1125(a).

34.    Defendants' conduct complained of herein has caused substantial and irreparable damage to Plaintiff and will continue to cause further irreparable damage to Plaintiff if Defendants are not preliminarily and permanently enjoined by this Court from further violations of Plaintiff's rights and Plaintiff has no adequate remedy at law.

## COUNT IV
## Common Law Trademark Infringement and Unfair Competition

35.    BASIS incorporates the allegations contained in paragraphs 1 – 33 above as though fully set forth herein.

36.    Plaintiff has priority of use of the BBX mark for software-related products.

37.    Plaintiff and Defendants and their channel partners compete for and have many of the same customers in the same channels of trade and compete for the same customer dollars both in this District and elsewhere throughout the United States.

38.    Defendants' use of BBX constitutes use in commerce of a symbol or device or a false designation of origin, or a false or misleading description or representation with respect to Defendants' goods, which is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods and services, and Plaintiff has been and is likely to be damaged by Defendants' use of such symbols or device, or false designation of origin, or false or misleading description or representation all in violation of the common law of the state of New Mexico.

39.    Defendants' conduct complained of herein has caused substantial and irreparable damage to Plaintiff and will continue to cause further irreparable damage to Plaintiff if Defendants are not preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights and Plaintiff has no adequate remedy at law.

## COUNT V
## Declaratory Judgment

40.    BASIS incorporates the allegations contained in paragraphs 1 – 38 above as though fully set forth herein.

41.     There is a justiciable case or controversy between the parties as to the threat of trademark infringement and unfair competition as alleged above.

42.     As between the parties, Plaintiff has superior trademark rights in the name BBX in connection with software-related products.

43.     Defendants' threatened acts, if not enjoined by the Court, would constitute trademark infringement and unfair competition.

44.     This case is appropriate for a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff BASIS demands judgment in its favor and against Defendants RIM Canada and RIM USA, jointly and severally, as follows:

A.     A judgment that finds Defendants have infringed Plaintiff's federally-registered BBX mark and common law trademark rights;

B.     A declaration that as between Plaintiff and Defendants, Plaintiff has superior trademark rights in the name BBX in the United States for use in connection with software-related goods;

C.     A preliminary and permanent injunction that enjoins Defendants, their officers, directors, agents, attorneys, servants, employees, successors, and assigns, and all other persons in active concert or participation with them, and all those acting under the authority or in privity with Defendants from erecting or maintaining or using in any other manner whatsoever the designation BBX alone or in combination with other words and/or symbols as a trademark to advertise, promote, or identify the source of their goods;

D.      A preliminary and permanent injunction ordering that Defendants remove all advertisements, promotions, displays, packaging, price lists, catalogs, publications, and articles, or any other materials in its possession or in control of any of its agents, which bear or represent in any way a simulation, colorable imitation, reproduction, photograph, copy, or similar device that is confusingly similar to Plaintiff's trademark and rights alleged above;

E.      that Defendants be ordered to account for and pay over to Plaintiff all earnings, profits, receipts and advantages derived by Defendants through the marketing of goods in association with the unlawful acts alleged herein;

F.      that Defendants be ordered to compensate Plaintiff for the advertising or other expense necessary to dispel, cure, or counteract any public confusion caused by Defendants' unlawful acts;

G.      that Defendants be ordered to pay Plaintiff compensatory damages in a sum equal to three (3) times the amount of Plaintiff's actual damages pursuant to 15 U.S.C. § 1117;

H.      that Plaintiff be awarded its costs, expenses, and attorneys' fees for bringing and prosecuting this action; and

I.      that Plaintiff be awarded such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff BASIS demands a jury trial on all issues triable by jury.

Respectfully submitted,

RAMMELKAMP, MUEHLENWEG & CORDOVA, PA


By: _/s/ Robert J. Muehlenweg_____
    Robert J. Muehlenweg
    Elizabeth A. Heaphy
    Sun Valley Commercial Center
    316 Osuna Rd. NE, Unit 201
    Albuquerque, NM  87107
    (505) 247-8860
    rjm@rmclawyers.com
    eah@rmclawyers.com

*Attorneys for Plaintiff*


MCKEE, VOORHEES & SEASE
Jeffrey D. Harty
Christine Lebrón-Dykeman
801 Grand Avenue, Suite 3200
Des Moines, IA  50309
(515) 288-3667
jeff.harty@ipmvs.com
christine.lebron-dykeman@ipmvs.com

*Appearance on Behalf of Plaintiff Pending*